Per Curiam.
—The complaint alleged that the defendant was the superintendent of the plaintiff, and that it was his duty to receive property and moneys of the company, to pay certain expenses and to pay certain balances to the plaintiff; that on a day specified, the defendant reported that he had a balance in his hands belonging to the plaintiff of $10,872; that after that date the defendant received certain other large sums specified in the complaint, for the plaintiff ; that afterwards the plaintiff demanded from defendant a statement of the amounts received and disbursed by him, and in response to such demand the defendant delivered various vouchers, 11 by which it appeared that he had paid out and expended for this company” “ the sum of $19,770, and that there is still in his hands belonging to said company and unaccounted for the sum of $50,468 ;” that the plaintiff demanded payment of this amount; that *396 defendant has neglected and refused, and still neglects; and refuses to pay the same or any part thereof, “ but has-converted the same to his own use.” On the application it was shown that at the time the defendant delivered to-the plaintiff the vouchers last referred to in the'complaint, he also delivered certain books containing accounts made by him of his doings as superintendent. The plaintiff-presented in his affidavit statement that these accounts were false.
The plaintiff claims that the action is for conversion of money received by defendant and therefore that the-allegations of the complaint as to the vouchers, etc-., are-immaterial. If they were material, there is no reason for-saying that the defendant should be deprived of the benefit of (he face of accounts presented by him, on which the complaint is drawn against him. It does not seem just, when the plaintiff has used allegations as if they were material and proper to be answered, that he should take a different position when it is for his interest to do so, and which it-will not by the face of the record, appear thereafter that he has taken.
To meet the allegation upon the appearance of some off the accounts, it was proper to allow the inspection of the accompanying accounts so that the defendant might make-a substantial allegation in his answer as to what the accounts altogether showed.
It was charged that the accompanying accounts had been fraudulently and falsely made by the defendant. Om this charge, it was the more proper, that the defendant'should inspect them.
It is not meant, that if the action had been for conversion, and there were no immaterial allegations, that an inspection should have been ordered. The case is decided on its peculiarities and cannot be a-precedent when such peculiarities do not exist.
Order affirmed, with $10 costs.